UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

| | |
|---|---|
| DOLAR S. WHITE, | **MEMORANDUM AND ORDER** |
| Plaintiff, | |
| - against - | 04-CV-401 |
| HOME DEPOT INC., BILL DALRYMPLE, JOHN WORTHERSON, DON KIESINER | |
| Defendants. | |

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

PLATT, District Judge.

Before this Court is Defendant's Summary Judgment Motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. The Defendants move to dismiss Plaintiff's Complaint in its entirety. For the following reasons, the Defendant's motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

**A. Plaintiff's Claims**

Plaintiff, Dolar White, asserts several claims against his former employer and supervisors, alleging discrimination on the basis of his race (African-American), national origin (Jamaican), and age (born on April 6, 1950) in violation of Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the New York State Human Rights Law ("NYSHRL"), and 42 U.S.C. § 1981. Specifically, Plaintiff, a former Store Manager

alleges that: (1) he was denied promotions to District Manager; (2) Defendant Kiesiner admonished him regarding his performance; (3) Defendant Dalrymple overly scrutinized his performance; and (4) Defendants Dalrymple and Wortherson forced him to resign as Store Manager. Plaintiff also claims that Defendant Kiesiner gave him an unfavorable rating on his October 2001 Performance Appraisal in retaliation for complaining about not being promoted to District Manager. Finally, Plaintiff alleges that Home Depot breached an implied promise contained in its Employee Handbook.

**B. Facts**

Plaintiff was hired by Home Depot in March 1986 as a full-time Sales Associate in the Furniture Department of store #1211 in Miami, Florida. (56.1 Stmt. ¶ 49). From 1992 to 1994, Plaintiff was transferred to various stores in New York including stores in Selden, Ozone Park, and Elmont. (56.1 Stmt. ¶¶ 51, 53; 56.1 Counter Stmt. ¶ 53). In each location, Plaintiff held positions as Assistant Manager or Co-Manager. (56.1 Counter Stmt. ¶¶ 53, 54). In October 1996, Plaintiff was promoted to Store Manager of the East Meadow store. (56.1 Stmt. ¶ 54; 56.1 Counter Stmt. ¶54) From there, Plaintiff transferred to the Home Depot store in Red Hook, Brooklyn continuing to serve as Store Manager. (56.1 Stmt. ¶ 57).

In September 2000, Defendant Kiesiner became District Manager for the area encompassing Plaintiff's store. One of Defendant Kiesiner's duties as District Manager was to supervise the operation of all stores within the district, including Plaintiff's store. Defendant Kiesiner walked through Plaintiff's store on multiple occasions. (56.1 Stmt. ¶ 74). Defendant

Kiesiner placed three negative memorandums in Plaintiff's employment file. (56.1 Stmt. ¶¶ 78-80; 56.1 Counter Stmt. ¶¶ 78-80). Two, dated June 26, 2001 and July 13, 2001, were given to all Store Managers in the district. (White Decl. ¶¶ 68, 69). The June 26th memorandum called for improvement in the management of payroll and overtime. (56.1 Stmt. ¶ 78; 56.1 Counter Stmt. ¶ 78). The July 13th memorandum discussed an overstock problem. ( 56.1 Stmt. ¶ 79; 56.1 Counter Stmt. ¶ 79). The third, dated September 20, 2001, was addressed specifically to Plaintiff. This memorandum called for the Plaintiff to address deficiencies in the store's alarm system. (56.1 Stmt. ¶ 80, 56.1 Counter Stmt. ¶ 80). On Plaintiff's October 5, 2001 mid-year Review, Defendant Kiesiner gave Plaintiff an overall rating of "2" ("Improvement Needed"). (56.1 Stmt. ¶ 82; 56.1 Counter Stmt. ¶ 82).

In October 2001, Defendant Kiesiner was replaced as District Manager by Defendant Dalrymple. (56.1 Stmt. ¶ 86). Defendant Darlymple also walked through Plaintiff's store on multiple occasions. (56.1 Stmt. ¶¶ 88, 89; 56.1 Counter Stmt. ¶¶ 88, 89). On October 25, 2001, Defendant Darlymple warned Plaintiff that: "(1) he needed to achieve immediate and sustained improvement in the areas of SPI compliance, safety audits, operational controls, overtime maintenance, and store markdowns; and (2) failure to improve these areas could result in the termination of his employment." (56.1 Stmt. ¶ 91).

Defendant Wortherson became Regional Manager in August 2001. (56.1 Stmt. ¶ 92). Defendant Wortherson reviewed the performance of all stores within the region and discussed the conditions of the stores with the relevant District Managers. (56.1 Stmt. ¶ 92). Defendant Darlymple made Defendant Wortherson aware that he had warned Plaintiff regarding his performance. (56.1 Stmt. ¶ 95). On January 17, 2002, Defendants Darlymple and Wortherson

conducted a store walk of Plaintiff's store. (56.1 Stmt. ¶ 98). After the walk, Defendants Darlymple and Wortherson discussed their observations with Plaintiff. (56.1 Stmt. ¶ 99). As a result of that meeting Plaintiff retired effective on January 20, 2002. (56.1 Stmt. ¶ 101; 56.1 Counter Stmt. ¶ 101). Defendants contend that Plaintiff was given the option of immediately improving the conditions of his store. (56.1 Stmt. ¶ 100; 56.1 Counter Stmt. ¶ 100). Plaintiff alleges that he was effectively terminated at that meeting. (56.1 Counter Stmt. ¶ 100).

## **DISCUSSION**

Defendant's Summary Judgment Motion seeks dismissal of Plaintiff's claims on procedural and substantive grounds. Procedurally, Defendants contend that Plaintiff's Title VII and ADEA retaliation claims must be dismissed due to failure to exhaust administrative remedies. Second, Defendants claim that Plaintiff's NYSHRL claims must be dismissed because Plaintiff elected his remedies under New York State law. Third, Defendants contend that Plaintiff may not bring Title VII or ADEA claims against individual defendants. Finally, Defendants assert that a majority of Plaintiff's failure to promote claims are time-barred.

Substantively, Defendants seek dismissal of Plaintiff's claims for lack of requisite proof to establish a *prima facie* retaliation or discrimination case, or in the alternative, to establish that Defendants' actions amounted to pretext for discrimination. Defendants also seek dismissal of Plaintiff's breach of contract claim based on an implied promise contained in Home Depot's Employee Handbook.

**A. Procedural Claims**

1. Exhaustion of Administrative Remedies

Prior to filing a Title VII or ADEA action, a plaintiff must exhaust his administrative remedies by filing a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the appropriate State agency. 42 U.S.C. § 2000e-5(e); *Butts v. City of N.Y. Dep't of Hous. Pres. & Dev.*, 990 F.2d 1397, 1401 (2d Cir. 1993), *superseded by statute on other grounds.* The exhaustion requirement is "strictly applied." *Pustilnik v. Hynes*, No. 96-CV-3989, 1998 WL 813411, at *4 (E.D.N.Y. July 21, 1998).

However, a district court may hear claims not included in the EEOC charge so long as the new claims are "reasonably related" to allegations contained in the original EEOC charge. *Butts*, 990 F.2d at 1401. A claim is reasonably related to allegations in an original EEOC charge "where the conduct complained of would fall within the scope of the EEOC investigation which can reasonably be expected to grow out of the charge of discrimination." *Id*. at 1402.

Applying this standard, Plaintiff's retaliation claim is reasonably related to the allegations of discrimination in the original EEOC charge. Plaintiff claims that he received a negative rating during his October 5, 2001 mid-year review because he complained about not being promoted to District Manager. Plaintiff contends that his reasons for not being promoted were due to discrimination on account of Plaintiff's race, national origin, and age. Plaintiff also asserts that he was effectively terminated due to the negative rating on his October 5, 2001 mid-year review. Plaintiff filed his Charge of Discrimination with the New York State Division of

Human Rights ("NYSDHR") and the EEOC in March 2002, approximately two months after he was allegedly terminated.

Based on Plaintiff's factual allegations underlying the Charge of Discrimination, the State Division's investigation of race, national origin, and age-based discrimination should have encompassed an investigation into whether or not Plaintiff's termination was retaliatory in nature. Because of the close proximity between Plaintiff's opposition to the Defendant's allegedly discriminatory practices and his subsequent alleged termination, Plaintiff's retaliation claim is reasonably related to his original EEOC complaint.[1] Therefore, Defendant's Summary Judgment Motion with respect to failure to exhaust administrative remedies is **DENIED**.

2. Election of Remedies

Defendants contend that Plaintiff's NYSHRL discrimination claims must be dismissed because Plaintiff elected his remedies under State law.

Section 297 of the NYSHRL, the "election of remedies" provision, provides, in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of appropriate jurisdiction for damages and such other

---

[1] In *Kristufek v. Hussman Foodservice Company*, the Seventh Circuit exercised jurisdiction over a retaliation claim even though the plaintiff's EEOC charge only alleged age discrimination. 985 F.2d 354, 368 (1993). The Seventh Circuit held that a claim is "reasonably related" to an EEOC charge where:
> the factual relationship of the charges is so related and intertwined in time, people, and substance, that to ignore that relationship for a strict and technical application of the rule would subvert the remedial purposes of the Act.
*Id.*

> remedies as may be appropriate, unless such person had filed a complaint hereunder or with any local commission on human rights.

McKinney's Exec. Law § 297(9). By the terms of the statute, the NYSHRL claims, "once brought before the NYSDHR, may not be brought as a plenary action in another court." *York v. Ass'n of the Bar of the City of N.Y.*, 286 F.3d 122, 127 (2d Cir. 2002); *see also*, *Whidbee v. Garzarelli Food Specialists, Inc.*, 223 F.3d 62, 75 (2d Cir. 2000) (holding that the election of remedies provision applies to federal courts as well as State courts), *Emil v. Dewey*, 49 N.Y. 2d 968 (1980) (holding that when a party files a complaint with the NYSDHR regarding alleged discrimination, that party is barred from commencing an action in court regarding that discrimination). Additionally, once a plaintiff asserts a discrimination claim before the NYSDHR, he may only appeal an adverse ruling to the Supreme Court of the State of New York. McKinney's Exec. Law § 298. Plaintiff failed to appeal the adverse ruling by the NYSDHR to the Supreme Court of the State of New York, and instead is attempting to litigate his claims in this Court in contravention of the statutory mandate.

Because § 297(9) of the NYSHRL is a valid State law restriction on a State law right of action, Plaintiff is required to litigate his NYSHRL claims in the Supreme Court of the State of New York and not in this Court. *See Moodie v. Federal Reserve Bank of New York*, 58 F.3d 879, 884 (2d Cir. 1995). Therefore, Defendant's Summary Judgment Motion with respect to dismissal of Plaintiff's NYSHRL claims is **GRANTED**.

### 3. Claims Against Individual Defendants

Title VII allows individuals to bring claims for unlawful, discriminatory employment practices against an employer. Title VII defines the term "employer" as "a person in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person." 42 U.S.C.A. § 2000e(b) (2003). Here, Plaintiff asserts Title VII claims against Home Depot as well as individual Defendants Dalrymple, Wortherson, and Kiesiner in their individual and official capacities.

There is no cause of action under Title VII against a supervisor individually. *See Tomka v. Seller Corp.*, 66 F.3d 1295, 1313-14 (2d Cir. 1995), *Lane v. Maryhaven Center of Hope*, 944 F. Supp. 158, 163 (E.D.N.Y. Nov. 2, 1996) (Spatt, J.) Furthermore, there is no distinction made under Title VII for lawsuits brought against employees in their official capacities, and lawsuits brought against employees in their individual capacities. Like most district courts in the Second Circuit, this Court declines to impose such a distinction. *See Garibaldi v. Anixter*, *Inc*., 407 F. Supp. 2d 449, 451 (W.D.N.Y. 2006), *Harrison v. Banque Indosuez*, 6 F. Supp. 2d 224, 229 (S.D.N.Y. 1998), *Herzog v. McLane Northeast*, *Inc*., 999 F. Supp. 274, 275 (N.D.N.Y. 1998), *Lane* 944 F. Supp. at 162. Therefore, Defendant's Summary Judgment Motion regarding claims against individual Defendants is **GRANTED**.

### 4. Failure to Promote Claims

Defendants move to dismiss all but one of Plaintiff's failure to promote claims on the grounds that such claims are time-barred. Plaintiff contends that the failure to promote claims constitute a discriminatory pattern and practice involving continuous and repeated acts of discrimination in violation of Title VII, the ADEA, and 42 U.S.C. § 1981.

In *National Railroad Passenger Corporation v. Morgan*, the Supreme Court held that "[d]iscrete acts such as termination, failure to promote, denial of transfer, or refusal to hire are easy to identify. Each incident of discrimination and each retaliatory adverse employment decision constitutes a separate actionable unlawful employment practice." 536 U.S. 101, 114 (2002), *see also Padilla v. Potter*, No. 03-cv-6074, 2004 WL 3090591, at *3 (E.D.N.Y. July 22, 2004) (Weinstein, J.) ("Discrete, individual wrongs such as non-promotion, unequal pay, job transfer and discontinuance of a particular job assignment do not constitute acts of a continuing nature.").

As a prerequisite to filing a Title VII or ADEA claim in federal court, a plaintiff must file an administrative charge with the EEOC or the appropriate State agency within 300 days of the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d). Here, Plaintiff did not file his EEOC charge until March 5, 2002. 56.1 Stmt. ¶¶ 105, 106. Therefore, because failure to promote claims are discrete claims, any failure to promote claims under Title VII and the ADEA, which occurred prior to May 9, 2001 are time-barred.

However, claims of discrimination under 42 U.S.C. § 1981 are subject to a three-year statute of limitations. *Navarete v. Chase Manhattan Bank*, No. 96-cv-8133, 2000 WL 547031, at

*6 (S.D.N.Y. May 4, 2000). Plaintiff filed the present lawsuit on January 30, 2004. Therefore, any failure to promote claims which occurred prior to January 29, 2001 are time-barred.

Plaintiff claims he was denied several promotions to District Manager. Specifically, Plaintiff alleges that the promotions awarded to Messrs. Wortherson, Cook, Williams, Addamo, Ms. Thompson and Ms. McVeigh constitute unlawful employment practices. Complaint ¶ 36. Messrs. Wortherson, Addamo, Cook, Williams, and Ms. Thompson were all promoted to the District Manager position prior to January 29, 2001. Therefore Plaintiff's Title VII, ADEA, and §1981 discrete failure to promote claims involving these individuals are time-barred. However, the promotion to District Manager awarded to Ms. McVeigh occurred in September 2001. Plaintiff's Title VII, ADEA, and §1981 failure to promote claim involving the promotion of Ms. McVeigh is not time-barred and may go forward.

**B. Substantive Claims**

1. Standard for Summary Judgment

A motion for summary judgment, may not be granted unless the court determines that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "Summary judgment may be granted if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to judgment as a matter of

law." *Williams v. R.H. Donnelly Corp.*, 368 F.3d 123 (2d Cir. 2004). The Court must resolve all ambiguities and draw all inferences in favor of the non-moving party. *Id.* at 255; *Castle Rock Entm't, Inc. v. Carol Publ'g Group*, 150 F.3d 132, 137 (2d Cir. 1998). "A party opposing a properly brought motion for summary judgment bears the burden of going beyond the [specific] pleadings, and 'designating specific facts showing that there is a genuine issue for trial.'" *Amnesty Am. v. Town of W. Hartford*, 288 F.3d 467, 470 (2d Cir. 2002) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)). If there is any evidence in the record from which a reasonable inference could be drawn in favor of the non-moving party on a material issue of fact, summary judgment is improper. *Chambers v. TRM Copy Centers Corp.*, 43 F.3d 29, 37 (2d Cir. 1994). Finally, "the judge's role in reviewing a motion for summary judgment is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

### 2. Plaintiff's Failure to Promote & Excessive Scrutiny Claims

Title VII provides that an employer "may not discriminate against an individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1) (2000). In a Title VII case, plaintiff has the burden of proving by a preponderance of the evidence a *prima facie* case of discrimination. *Collins v. New York City Transit Auth.*, 305 F.3d 113 (2d Cir. 2002) (citing *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248 (1981)). To meet this burden plaintiff must establish "(1) he is a member of a protected class, (2) he applied and was qualified

for a job which the employer was seeking applicants, (3) he suffered an adverse employment action, and (4) the circumstances surrounding that action permit an inference of discrimination." *Williams v. R.H. Donnelley Corp.*, 368 F.3d 123 (2d Cir. 2004).

In evaluating whether the surrounding circumstances permit an inference of discrimination "the court must determine whether the proffered evidence shows circumstances that would be sufficient to permit a rational fact-finder to infer a discriminatory motive." *Perry v. State Insurance Fund*, 01-CV-3590, 2006 U.S. Dist. Lexis 81650, at * 17 (E.D.N.Y. Nov. 8, 2006) (citing *McLee v. Chrysler Corp.*, 109 F.3d 130 (2d Cir. 1997)). Such circumstances may include invidious comments about others in the employee's protected group or criticism of plaintiff's employment in degrading terms. Alternatively, plaintiff may establish discriminatory motive by "demonstrating that similarly situated employees of a different race were treated more favorably." *Id.* In such instances plaintiff bears the burden of establishing that fellow employees are similarly situated. *Id.* To be similarly situated "the individuals with whom plaintiff attempts to compare himself must be similarly situated in all material respects," such as "reporting to the same supervisor" or performing the same work tasks. *Id.*

Once plaintiff establishes a *prima facie* case, the burden shifts to the defendant employer to articulate some legitimate, nondiscriminatory reason for the adverse employment action.[2] *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). After defendant sets forth legitimate, nondiscriminatory reasons for its actions, plaintiff must be afforded a fair opportunity to show that the employer's reasons are, in fact, pretext. *See id.* at 804.

Plaintiff has set forth facts which raise an issue of fact as to whether Defendants' reasons

---

[2] Defendant's burden is a burden of production, not persuasion.

for denying Plaintiff's requests to be promoted to District Manager were pretext for unlawful discrimination. Defendants assert in various forms that Plaintiff's performance as Store Manager at the Hamilton Avenue store was sub-par. Specifically Defendants point to Plaintiff's October 5, 2001 mid-year review where Plaintiff received a "2" rating ("Improvement Needed") as indicative of Plaintiff's insufficient performance. However, Plaintiff asserts that his performance was above that of his peers as indicated on Plaintiff's other performance evaluations where he received ratings of "3" ("Solid Performance") and "4" (" Highly Effective Performance"). To further demonstrate pretext, Plaintiff points to numerous performance evaluations of allegedly similarly situated colleagues. These performance evaluations show that two younger Caucasian employees received similar feedback as Plaintiff (to include performance ratings of "2") and were promoted to District Manager. Because Plaintiff raises material issues of fact regarding his failure to promote claim, Defendant's Motion for Summary Judgment with respect to Plaintiff's failure to promote claims is **DENIED**.

Plaintiff has also raised an issue of fact as to whether Defendants' stated reasons for the allegedly excessive scrutiny of Plaintiff's job performance were pretext for discrimination. It is undisputed that District Managers have unfettered discretion to decide the amount and frequency of store walks. Defendants assert that Plaintiff's supervisors did not walk through Plaintiff's store with any more frequency than any other store. Plaintiff directly disputes this factual assertion, claiming to be subjected to repeated, unwarranted store walks. Plaintiff contends that the lack of standards regarding store walks is merely pretext for the allegedly discriminatory treatment.

A reasonable trier of fact could infer from the facts, that Defendant's stated reasons for

the repeated store walks (Plaintiff's insufficient performance, total discretion to District Managers) are pretext for unlawful discrimination. Therefore, Defendant's Motion for Summary Judgment with respect to Plaintiff's excessive scrutiny claims is **DENIED**.

### 3. Retaliation Claim

"The order and allocation of burdens of proof in retaliation cases follow that of general disparate treatment analysis set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973)." *Sumner v. United States Postal Svc.*, 899 F.2d 203 (2d Cir. 1990). To establish a claim for retaliation, plaintiff must show that (1) he engaged in a protected participation or opposition under Title VII, (2) the employer was aware of this activity, (3) the employer took adverse action against the plaintiff, and (4) a causal connection exists between the protected activity and the adverse action, i.e., that a retaliatory motive played a part in the adverse action. *Sumner*, 889 F.2d at 209. A causal connection between the protected activity and the adverse employment action may be established with circumstantial evidence by showing, for example, that the protected activity was followed by discriminatory treatment or through evidence of disparate treatment of employees who engaged in similar conduct. *Sumner*, 899 F.2d at 210. Alternatively, plaintiff may establish causal connection directly through evidence of retaliatory animus. *Id.*

Defendants contend that Plaintiff did not engage in any protected activity as required to make out a *prima facie* case of retaliation. Defendants suggest Plaintiff merely complained about not being promoted to District Manager and never communicated that Plaintiff thought his

denial of promotions was due to unlawful discrimination. This factual assertion is directly disputed by Plaintiff. Plaintiff contends that he voiced his concerns over the alleged unlawful discrimination to his superiors, including Defendant Kiesiner.

Because there are factual disputes regarding whether or not Plaintiff engaged in a protected activity (an essential element to a *prima facie* case of retaliation), Defendant's Summary Judgment Motion with respect to Plaintiff's retaliation claim is **DENIED**.

### 4. Breach of Contract Claim

Plaintiff brings a breach of contract claim asserting that Home Depot's Employee Handbook constitutes an implied contract not to unlawfully discriminate against him and to terminate him only in good faith. Defendants contend that Plaintiff's breach of contract claim must be dismissed because Plaintiff signed an Acknowledgment disclaiming that the Employee Handbook is a contract of any kind.

It is well settled under New York law that a disclaimer in an employment handbook indicating that it is not a contract precludes a breach of contract claim. *Ashe v. Mohawk Valley Nursing Home*, 701 N.Y.S.2d 536, 537 (4th Dep't 1999) ("the employee handbook specifically provided that it 'is not intended to, and does not, constitute a contract between [defendant] and the employee,' thereby rendering unreasonable any reliance plaintiffs may have placed upon it."); *Gomariz v. Foote, Cone & Belding Commc'ns, Inc.*, 644 N.Y.S.2d 224, 225 (1st Dep't 1996); *Stanton v. Highland Hosp. Of Rochester*, 602 N.Y.S.2d 278, 279 (4th Dep't 1993); *Rich v. Coopervision, Inc.*, 604 N.Y.S.2d 429, 430 (4th Dep't 1993).

Upon receipt of the Home Depot Employee Handbook, Plaintiff signed a disclaimer explicitly stating that the Employee Handbook is not a contract. Therefore, Plaintiff is barred from bringing a breach of contract claim based on Home Depot's Employee Handbook and Defendant's Summary Judgment Motion is **GRANTED** with respect to Plaintiff's breach of contract claim.

## **CONCLUSION**

In sum, Defendant's Summary Judgment Motion is **GRANTED** in part, dismissing (1) Plaintiff's NYSHRL claims because Plaintiff elected his remedies under State law, (2) Plaintiff's claims against the individual Defendants in their individual and official capacities, (3) all but one of Plaintiff's failure to promote claims as time-barred, and (4) Plaintiff's breach of contract claim. Defendant's Summary Judgment Motion is **DENIED** in all other respects.

The claims by Plaintiff which may go forward include claims against Home Depot for violations of Title VII, ADEA, and 42 U.S.C. § 1981 for failure to promote, excessive scrutiny, and unlawful retaliation.

SO ORDERED.

/s/ _____
Thomas C. Platt, U.S.D.J.

Dated: Central Islip, New York
       January 17, 2008